BAKER v. EAST.  (No. 5893.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1917.)

1. APPEAL AND ERROR ☞1039(4)—HARMLESS ERROR—PETITION SEEKING DOUBLE RECOVERY.

If a petition against the receiver of a railroad for damages to cattle from negligent handling and failure to transport expeditiously had sought double recovery, the error was harmless to defendant, where the measure of damages presented to the jury absolutely precluded such recovery.

2. TRIAL ☞349(1) — SPECIAL ISSUES — PURPOSE.

The presentation of special issues to a jury is permitted in order to simplify matters and have the issues clearly found, that the law may be applied to them, not to find a multitude of facts neither establishing nor destroying an issue.

3. CARRIERS ☞228(3) — CARRIAGE OF LIVE STOCK — DELAY IN TRANSPORTATION — EVIDENCE.

In an action against a receiver of a railroad for damages to cattle from negligent handling and failure to transport expeditiously, proof of delay in transportation, causing the cattle to reach destination on a declining market, was properly admitted; the testimony being pertinent to the issues involved.

4. APPEAL AND ERROR ☞1052(5)—HARMLESS ERROR—EVIDENCE.

Testimony objected to on the ground that it tended to support a double recovery was harmless to defendant, where the cause was submitted on the proper measure of damages, to which the jury responded in a verdict clearly indicating that a double recovery was not obtained.

Appeal from District Court, Jim Hogg County; V. W. Taylor, Judge.

Suit by T. T. East against James A. Baker,

receiver. From a judgment for plaintiff, defendant appeals. Affirmed.

Greer & Hamilton, of Laredo, and Wilson, Dabney & King, of Houston, for appellant. Dougherty & Dougherty, H. S. Bonham, and B. D. Tarlton, Jr., all of Beeville, for appellee.

FLY, C. J. This is a suit for damages alleged to have been caused by the negligent handling and failure to expeditiously transport 345 head of cattle from Hebbronville to Ft. Worth, Tex. Appellee declared for damages against the International & Great Northern Railway Company, through its receiver, James A. Baker, on its common-law liability as a common carrier. The only defense was that the cattle were so thin, weak, and poor that they were received for shipment under protest, and that they died, or were injured, not on account of any negligence, but on account of the inherent weakness and inability of the cattle to stand shipment. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered in favor of appellee for $1,236.38.

The evidence was sufficient to show that the cattle were damaged through the negligence of appellant in the sum found by the jury. The Texas-Mexican Railway Company, the initial carrier, was joined as a defendant, but was relieved from liability by the jury.

[1] The first assignment is overruled. The brief fails to disclose what the special exception contained, the overruling of which is assailed in the assignment of error. In what the double recovery sought in the petition consists is not pointed out. If there had been a proper assignment of error, however, it could not be sustained, because the measure of damages presented to the jury, not only did not authorize a double recovery, but absolutely precluded it, and if a double recovery had been sought, it was without injury to appellant. The measure of damages was correctly given by the court, and the jury found for only $1,246.38 when $2,000 was claimed.

[2] The second assignment of error is overruled. The issues appellant desired presented to the jury were upon questions of fact which, if answered, would not have decided the issue as to negligence, but would merely have determined the existence or nonexistence of certain facts which might or might not bear upon the question of negligence. Some of the questions were upon the weight of the evidence, and they would have devolved upon the court the burden of separating the good from the bad, the proper from the improper. The presentation of special issues to a jury is permitted to simplify matters and have the issues found clearly in order that the law may be applied to them, and it was never in-

tended that a multitude of facts should be found which do not establish or destroy an issue. Heldenfels v. School Trustees, 182 S. W. 386. The court in one issue presented everything necessary as to the condition of the cattle when delivered to appellant contributing to their injury.

The third assignment of error is overruled. The questions asked by the court were not upon the weight of the testimony, did not assume the existence of any fact, and presented in one question, in a concrete form, all the matter sought to be presented by the rejected questions of appellant.

[3, 4] There was no error in permitting proof of delay in the transportation of the cattle, which caused them to reach Ft. Worth on a declining market. The testimony was pertinent to the issues involved, and was objected to only on the ground that it tended to support a double recovery. We fail to see any force in the objection. The evidence could not have injured appellant, because the cause was submitted to the jury on the proper measure of damages, to which the jury responded in a verdict, clearly indicating that a double recovery was not obtained.

There was ample evidence to sustain the verdict of the jury, and the judgment is affirmed.